UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

BERNARDO SANTANA,

    Defendant-Petitioner.

_____/

Case No. 11-20177

Honorable Nancy G. Edmunds

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE [51]**

Before the Court is Petitioner Bernardo Santana's motion for release to home confinement, filed under the authority of the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. (ECF No. 51.) The Government filed a response in opposition to the motion (ECF No. 53) and both parties have filed supplemental motions and briefs. (ECF No. 57, 58, 59, 60, 61.) For the reasons set forth below, the Court denies the motion without prejudice.

**I.    Background**

On March 29, 2011, a grand jury indicted Petitioner, a Dominican Republic native, on one count of conspiring to possess heroin with intent to distribute it and conspiring to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846. In August 2014, he was taken into custody by local authorities in the Dominican Republic. He was held there, in deplorable conditions, for six months while awaiting extradition. After the U.S. Marshals transported Petitioner to the United States, he pleaded guilty with an estimated guideline range of 235-293 months. This Court took into consideration factors specific to

1

Petitioner's behavior and history, varied downward from the guidelines, and sentenced him to 180 months imprisonment. (ECF No. 22, 43, 49 at 5.) The Sixth Circuit affirmed his sentence on appeal. *See United States v. Bernardo Santana*, 723 F. App'x 331 (6th Cir. 2018). Petitioner has served less than seven years of his 15-year sentence and his projected release date is in June 2027. He is presently incarcerated at the Federal Correctional Institution in Morgantown, West Virginia.

On April 1, 2020, Petitioner submitted an administrative request for compassionate release to the warden at FCI Morgantown. That request was denied and Petitioner filed the present motion on August 18, 2020. In his motion, Petitioner contends he should be released to home confinement due to his age (55), medical conditions (high blood pressure, hypertension, conjunctivitis, nasal congestion, sore throat, and nasal turbinates), and family history of medical conditions (cardiovascular disease, heart attacks, strokes, and diabetes) coupled with the threat of a COVID-19 infection in the congregant confinement of a prison setting. On January 22, 2021, Petitioner filed an addendum to his motion informing the Court that he had contracted COVID-19 and requesting immediate release so he could receive "proper medical treatment." (ECF No. 60.) The Government provided a supplemental response informing the Court that Petitioner had been diagnosed with COVID-19 but had since recovered and was removed from isolation. The Government further states that Petitioner does not have any extraordinary or compelling health conditions and, even if he did, early release would not be appropriate based on a § 3553(a) analysis. (ECF No. 61.)

## II.     Analysis

The "compassionate release" provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in "extraordinary and compelling" circumstances. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Historically, only the Director of the Bureau of Prisons could bring such a motion, but this changed with the passage of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). An inmate may now bring a compassionate release motion on his own behalf once he exhausts any administrative remedies or 30 days after requesting relief from the Bureau of Prisons. *Id.* at 1004 (citing *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)).

The Sixth Circuit has instructed district courts to engage in the following three-step analysis when considering a compassionate-release motion: *First*, consider whether "extraordinary and compelling reasons warrant [a sentence] reduction." *United States v. Elias*, 984 F.3d 516, 518 (quoting 18 U.S.C. § 3582(c)(1)(A)). *Second*, "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id. Third*, "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* "If each of those requirements are met, the district court may reduce the term of imprisonment, but need not do so." *Id.* (quotations and citation omitted).

The policy statement referenced in step two is found in U.S.S.G. § 1B1.13 and presently only applies to motions brought by the Bureau of Prisons, not to inmate-filed motions. *Elias*, 984 F.3d at 519. Thus, when considering inmate-filed motions for compassionate release, "district courts have full discretion" to determine what reasons

3

are "extraordinary and compelling." *Jones*, 980 F.3d at 1111. Here, Petitioner moves the Court to release him to home confinement due to his concerns regarding the COVID-19 pandemic, his medical history, and his various health conditions.

### A.     Exhaustion

The Government does not dispute that Petitioner exhausted his administrative remedies so that threshold requirement for relief has been satisfied.

### B.     Extraordinary and Compelling Circumstances

District courts have discretion to define extraordinary and compelling circumstances, but the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Elias*, 984 F.3d at 521 (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, when assessing compassionate release motions during the pandemic, courts often consider whether a petitioner's medical conditions increase his risk of severe illness. *See Jones*, 980 F.3d at 521; *United States v. John Bass*, No. 21-1094, Order at 2 (6th Cir. Feb. 5, 2021) ("A defendant whose medical conditions increase his risk of severe illness may be able to demonstrate extraordinary and compelling reasons supporting release.").

Petitioner, like so many of us, has legitimate concerns over the COVID-19 pandemic. He states the third world medical care he has received for most of his life makes him more susceptible to COVID-19. (ECF No. 58.) For six months he was held in deplorable and unsanitary conditions in the Dominican Republic while awaiting extradition. (ECF No. 51.) Since his return to the United States, he has also suffered from conjunctivitis, nasal congestion, a sore throat, nasal turbinates, an ear infection, high

4

blood pressure, and hypertension. (*Id.*) Additionally, he has a family history of cardiovascular disease, heart attacks, strokes and diabetes. (*Id.*)

The Government does not dispute the existence of Petitioner's health concerns but argues they do not rise to the level of "extraordinary and compelling circumstances". *See* 18 U.S.C. § 3582(c)(1)(A). The Court agrees. According to the Centers for Disease Control ("CDC"), the only of Petitioner's medical concerns that "might" put him at an increased risk for severe illness from COVID-19 is hypertension. *See People with Certain Medical Conditions,* Centers for Disease Control and Prevention (Feb. 3, 2021), https://perma.cc/C3WQ-T56C; *see also Elias*, 984 F.3d at 521 ("Relying on official guidelines from the CDC is a common practice in assessing compassionate-release motions."). This language is uncertain and consistent with evidence from the Government's expert who reasons there is insufficient data to conclude primary hypertension alone causes a more severe outcome from COVID-19 given the condition's prevalence and the fact that it increases with age. (ECF No. 53 at PageID.487.)

Other courts have also found that a hypertension diagnosis alone is insufficient to show extraordinary and compelling circumstances, especially if the condition is well managed. *See, e.g.*, *United States v. Thompson*, 984 F.3d 431, 434-35 (5th Cir. 2021) (finding that an otherwise healthy defendant who sought compassionate release on the basis of well-controlled medical conditions did not present extraordinary or compelling reasons for release); *United States v. Colbert*, No. 99-cr-80399, 2020 WL 3529533, at *2 (E.D. Mich. June 30, 2020) (denying compassionate release motion because hypertension, "a condition that affects about 46% of the U.S. adult population," is not an extraordinary and compelling condition); *United States v. Santos*, No. 18-CR-20719-3,

5

2020 WL 5095527, at *4 (E.D. Mich. Aug. 28, 2020) (finding that hypertension alone is not a sufficiently extraordinary or compelling reason for release). In *Thompson*, a 43-year old inmate who suffered from hypertension, high cholesterol and a prior stroke petitioned the court for compassionate release. 984 F.3d at 432. In denying his request, the court noted that both petitioner's hypertension and cholesterol were "well-controlled" in addition to being commonplace medical conditions. *Id.* at 434, 435. Accordingly, the court found petitioner did not present extraordinary or compelling reasons for release. *Id.* at 435.

As in *Thompson*, Petitioner's medical records show his hypertension is well-managed through diet, exercise, and a newly prescribed medication. Petitioner is also only 55-years old, less than the 65-year plus category the CDC places in the highest risk group. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, *supra*. And he does not have any other conditions that place him at risk of severe illness from COVID-19. *Id.* The Court therefore concludes that Petitioner has not shown extraordinary or compelling reasons that weigh in favor of his release.

Petitioner's recent COVID-19 diagnosis does not change this analysis. His medical records show that he was diagnosed on January 21, 2021 and immediately placed in isolation. He briefly complained of a cough but remained without a fever and has since reported improvement of his symptoms. As of February 1, 2021, he met CDC criteria for release from isolation. He has provided no evidence that he received less than adequate medical care and his recent medical records show he is being closely monitored.

Moreover, recent data suggests Petitioner's experience with COVID-19 and subsequent recovery will provide immunity from future COVID-19 infections, at least temporarily. *See* Sharon Reynolds, *Lasting immunity found after recovery from COVID-*

6

*19*, National Institutes of Health (Jan. 26, 2021), https://perma.cc/56Q6-3TSR. And the COVID-19 vaccine now provides hope that immunity may be achieved on an even greater scale. *See COVID-19 Vaccinations in the United States*, Centers for Disease Control and Prevention (last updated February 8, 2021), https://perma.cc/V5YJ-KE6J (reporting that 40,333 doses of the vaccine have been administered to BOP inmates and staff).

For these reasons, the Court concludes Petitioner's medical conditions and history do not meet the "extraordinary and compelling" threshold required by 18 U.S.C. § 3582(c)(1)(A).

### C. Section 3553(a) Sentencing Factors

Even if Petitioner had demonstrated extraordinary and compelling circumstances, the 18 U.S.C. § 3553(a) sentencing factors do not support his compassionate release. The nature and circumstances of Petitioner's offenses weigh strongly against early release. Petitioner pleaded guilty to the serious crime of importing at least one kilogram of heroin into the metro Detroit area. This Court already considered Petitioner's unique circumstances and history at his sentencing and imposed a sentence more than five years below the bottom of the guideline range. Releasing Petitioner now, after he has served less than seven years for a crime that called for between 19 and 24 years imprisonment, would not promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Petitioner. In sum, this Court finds that Petitioner is not an appropriate candidate for the extraordinary remedy of compassionate release.

### III. Conclusion

Based upon the foregoing, Petitioner's motion is DENIED without prejudice.

SO ORDERED.

                                            s/   Nancy G. Edmunds
                                            Nancy G. Edmunds
                                            United States District Judge

Dated: February 10, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 10, 2021, by electronic and/or ordinary mail.

                                            s/
                                            Case Manager